UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE ANDRE GRANT, | ) | Case No. 1:22-cv-01805 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | Magistrate Judge Jennifer Dowdell Armstrong |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Plaintiff Wayne Grant applied for social security benefits and was denied. On appeal, the Magistrate Judge issued a report and recommendation that the Court affirm the Commissioner's final decision denying benefits. (ECF No. 8.) Plaintiff objects. (ECF No. 15.) For the reasons that follow, the Court **OVERRULES** Plaintiff's objection (ECF No. 9), **ADOPTS** the report and recommendation (ECF No. 8), and **AFFIRMS** the Commissioner's decision denying Plaintiff's application for disability benefits.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2020, Mr. Grant applied for disability insurance benefits under Title II of the Social Security Act. (*See* ECF No. 3, PageID #160.) He alleges that he became disabled on or around December 12, 2019 and that his disability results from a number of physical conditions, including knee and spinal injuries. (*Id.*, PageID #184.)

On February 10, 2021, Mr. Grant's application was denied initially and again on reconsideration on April 30, 2021. (*Id.*, PageID #82, #88 & #101.) In both decisions, the Social Security Administration found that Mr. Grant was not disabled. (*Id.*) Later, Mr. Grant requested a hearing, which was conducted on October 6, 2021. (*See id.*, PageID #43–76.) In a written decision dated November 12, 2021, the administrative law judge denied the claim. (*Id.*, PageID #23.) Mr. Grant timely requested review of the ALJ's decision. (*Id.*, PageID #12.) The Appeals Council denied review, rendering the ALJ's determination final. (*Id.*, PageID #12–16.)

Then, Plaintiff appealed to federal court. The Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying Mr. Grant's application. (ECF No. 8, PageID #404.) Plaintiff timely objected to the Report and Recommendation. (ECF No. 9.)

### A. The Administrative Hearing

On October 6, 2021, the ALJ conducted a telephonic hearing to determine whether Mr. Grant was disabled as the Social Security Act defines that term. (*See* ECF No. 26.) The ALJ received testimony from Mr. Grant and from a vocational expert, Gail Klier. (ECF No. 3, PageID #43.) Following the administrative hearing, the ALJ received and considered opinion evidence as well. (*See id.*, PageID #28–38.) A summary of that evidence follows.

### A.1. Testimonial Evidence

Mr. Grant testified at the hearing before the administrative law judge. (*Id.*, PageID #405.) He rated his daily pain as an eight out of ten. (*Id.*, PageID #49.) Regarding limitations, Mr. Grant testified that he cannot sit for more than an hour

or two and tries to walk around and stretch after an hour or so. (*Id.*, PageID #51.) Similarly, he reported difficulties standing for long periods of time. (*Id.*, PageID #52.) Also, Mr. Grant testified that he has tried multiple remedies including therapy, medications, and acupuncture, but he has difficulty finding relief for his pain. (*Id.*) Further, he tried to minimize the amount of lifting and carrying he does because he cannot bend over due to his back. (*Id.*)

Gail Klier, a vocational expert, also testified during the hearing. (*Id.*, PageID #26.) Klier answered several hypothetical questions from the ALJ and opined that the hypothetical individual the ALJ described could perform work as a computer-aided design technician, as Mr. Grant previously had, but not as an inventory clerk. (*Id.*, PageID #63.) Then, the ALJ asked if the hypothetical individual could perform this work or other jobs existing in significant numbers in the economy if he would be off task at least 20% of the time. (*Id.*, PageID #64.) The vocational expert testified that such a limitation would preclude work. (*Id.*) She also testified that, even if the hypothetical individual were limited to simple, routine, and repetitive tasks due to fatigue and pain, the individual could not work as a computer-aided design technician. (*Id.*, PageID #407.) Similarly, Klier testified that the hypothetical individual could not perform that position if he could only stand for two hours in an eight-hour workday. (*Id.*)

### A.2. Opinion Evidence

After the hearing, the ALJ received opinion evidence from Dr. Todd Hochman, Dr. Dorothy Bradford, and two State agency medical consultants, Dr. Diane Manos and Dr. Lynne Torello. (*See id.*, PageID #28–38.)

3

### A.2.a. Dr. Todd Hochman

Dr. Hochman is an occupational and internal medicine physician. He examined and treated Mr. Grant at least twelve times between October 2019 and April 2021. (*Id.*, PageID #303–17.) The ALJ considered two reports that Dr. Hochman submitted. First, in January 2020, Dr. Hochman reported on Mr. Grant's work ability in connection with an application to the Ohio Bureau of Worker's Compensation. (*Id.*, PageID #354.) In it, he noted that Mr. Grant could rarely to occasionally bend, squat, kneel, twist, turn, or climb. (*Id.*, PageID #354.) Dr. Hochman also stated that Mr. Grant could occasionally lift up to 10 pounds and push or pull up to 25 pounds. (*Id.*) Additionally, Dr. Hochman opined that Mr. Grant could work four to eight hours per day, sit for four to eight hours with breaks, walk for zero to two hours with breaks, and stand for zero to two hours with breaks. (*Id.*) He also opined that Mr. Grant should be limited to sedentary duty. (*Id.*)

Second, Dr. Hochman completed a medical source statement for Mr. Grant for these proceedings. (*Id.*, PageID #340.) In the statement, dated June 2021, Dr. Hochman diagnosed Mr. Grant with a lumbar strain and with right and left knee strains, and he listed Mr. Grant's symptoms as "back pain." (*Id.*) He identified Mr. Grant's prognosis as fair and opined that Mr. Grant could sit for 60 to 90 minutes before needing to get up and could stand for 30 minutes at one time. (*Id.*) Further, Dr. Hochman opined that Mr. Grant could sit for between four and six hours in an eight-hour day and stand or walk for two hours in an eight-hour day. (*Id.*) Also, he thought that Mr. Grant needed to walk around every 60 to 90 minutes of an eight-hour day for five to ten minutes at a time. (*Id.*) He identified a need for Mr. Grant

4

to take unscheduled breaks every 60 to 90 minutes for five to ten minutes at a time. (*Id.*, PageID #341.) Finally, Dr. Hochman opined that Mr. Grant was likely to be off-task 20% of the time or more and would be absent approximately two days per month. (*Id.*, PageID #408.)

The ALJ determined that Dr. Hochman's findings were consistent with Mr. Grant's testimony, but were not supported by or consistent with the other medical evidence. (*Id.*, PageID #37.) For this reason, the ALJ gave Dr. Hochman's opinion little weight.

### A.2.b. Dr. Dorothy Bradford

Dr. Dorothy Bradford evaluated Mr. Grant's physical condition at the request of the Ohio Division of Disability Determination on January 5, 2021. (*Id.*, PageID #292.) Dr. Bradford reported that Mr. Grant had full strength in all muscles. (*Id.*, PageID #293–94.) She opined that Mr. Grant's gait was even and regular, and he displayed no apparent limp, shuffle, or other disturbance. (*Id.*) Also, Dr. Bradford recorded a reduced range of motion in his lumbar spine and opined that Mr. Grant likely had spondylosis of the lumbar spine and degenerative joint disease in both knees and needed x-rays of his spine and left knee. (*Id.*, PageID #299.) She concluded that Grant should be restricted to "light sedentary activity." (*Id.*)

### A.2.c. Dr. Diane Manos and Dr. Lynne Torello

Dr. Diane Manos, a State agency medical consultant, evaluated Mr. Grant's physical capacity and reported her opinions in January 2021. In the report, Dr. Manos noted that Grant could occasionally lift or carry 20 pounds. (*Id.*, PageID #409.) Also, she opined that Mr. Grant could stand, walk, or sit for six hours in an

5

eight-hour workday. (*Id.*) Further, Dr. Manos stated that Mr. Grant could occasionally climb ramps, stairs, ladders, ropes, or scaffolds and could occasionally stoop, kneel, crouch, or crawl. (*Id.*) On April 27, 2021, Dr. Lynne Torello evaluated Mr. Grant and concurred with Dr. Manos's opinions. (*Id.*)

### B. The ALJ's Decision

In a written decision dated November 12, 2021, the ALJ determined that Mr. Grant is not disabled under sections 216(i) and 223(d) of the Social Security Act. (*Id.*, PageID #26–27.) The ALJ found that Mr. Grant had severe impairments including mild degenerative changes with stenosis of lumbosacral spine; hip and knee with joint strain; plantar fasciitis; hypertension; obesity; and history of carpal tunnel. (*Id.*, PageID #29.) However, the ALJ determined that none of Mr. Grant's severe impairments, whether considered singly or in combination, met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix I. (*Id.*, PageID #29.)

Based on these determinations, the ALJ decided that Mr. Grant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), with some minor exceptions. (*Id.*, PageID #31.) Also, the ALJ determined that, given Mr. Grant's residual functional capacity, he was capable of performing his past relevant work as a computer-aided design technician. (*Id.*, PageID #37.) In making this decision, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (*Id.*, PageID #32.)

6

### C. The Magistrate Judge's Report and Recommendation

In his challenge to the Commissioner's final decision, Plaintiff maintains that the ALJ erred in three respects.

*First*, Plaintiff contends that the ALJ erred by failing to incorporate the limitations that Dr. Hochman identified into Mr. Grant's residual functional capacity. (ECF No. 6, PageID #375.) Specifically, Plaintiff argues that the ALJ should have found that Dr. Hochman's were consistent with and supported by medical evidence and should have incorporated those findings into Mr. Grant's residual functional capacity. (*Id*.) In her report, the Magistrate Judge first analyzed whether the ALJ properly addressed the supportability and consistency elements with respect to Dr. Hochman's reports, finding that the ALJ sufficiently addressed both. (ECF No. 8, PageID #418–421.) Then, the Magistrate Judge addressed Plaintiff's specific argument, concluding that the ALJ appropriately evaluated Dr. Hochman's opinion and that substantial evidence supported the calculation of Plaintiff's residual functional capacity. (*Id.*, PageID #423.)

*Second*, Plaintiff argues that the ALJ erred by failing to properly evaluate Mr. Grant's subjective complaints of pain. (*Id.*, PageID #417.) According to Plaintiff, the ALJ improperly applied the criteria of Social Security Ruling 16-3P and failed to find that the intensity, persistence, and limiting effects of Mr. Grant's symptoms, including pain, precluded him from engaging in substantial gainful activity at the light level of exertion on a full-time and sustained basis. (ECF No. 6, PageID #380.) Addressing this argument, the Magistrate Judge found substantial evidence to conclude that the ALJ properly considered the evidence as a whole when he applied

7

Social Security Ruling 16-3P and evaluated Mr. Grant's subjective complaints of pain and appropriately identified substantial evidence supporting the determination. (*Id.*, PageID #425.)

*Third*, Plaintiff maintains that the ALJ erred by determining at Step Four that Mr. Grant could perform his past work as a computer-aided design technician. (ECF No. 6, PageID #384–85.) Because she already concluded that the ALJ did not err in evaluating the opinion evidence or Mr. Grant's subjective complaints, the Magistrate Judge explained that this argument necessarily fails as well. (ECF No. 8, PageID #427.)

In light of this analysis, the Magistrate Judge recommends that the Court affirm the Commissioner's decision. (*Id.*, PageID #404.)

### D.  Objection

Plaintiff objects to the Magistrate Judge's recommendation "that the ALJ supported his determination regarding the persuasiveness of the opinion of Dr. Hochman." (ECF No. 9, PageID #431.) According to Plaintiff, the ALJ did not have a factual or legal basis to decide that Dr. Hochman's opinion was unpersuasive. (*Id.*) Plaintiff argues that the findings of the State agency reviewing physicians that Mr. Grant could work at the light level of exertion were completed before the physicians' receipt of Dr. Hochman's evaluation, the treating source. (*Id.*) Further, Plaintiff points out that Dr. Hochman's opinion supported the same conclusion that Dr. Bradford previously reached. (*Id.*) While Plaintiff characterizes his objection as going to the ALJ's findings of supportability, his underlying arguments appear to indicate an objection to the ALJ's consistency finding as well.

8

## ANALYSIS

The Court reviews de novo the portions of the Magistrate Judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "De novo review requires the court to re-examine the relevant evidence a magistrate judge reviewed to determine whether to accept, reject, or modify the report and recommendation." *Scott v. Saul*, No. 1:19-cv-2393, 2021 U.S. Dist. LEXIS 92052, at *12–13 (N.D. Ohio May 14, 2021); *see* 28 U.S.C. 636(b).

When a party objects, review is limited to determining whether substantial evidence in the record supports the Commissioner's decision and to reviewing any legal errors. *Wright v. Massanari*, 321 F.3d 611, 614–15 (6th Cir. 2003). "Substantial evidence" is more than a scintilla, but less than a preponderance. *Rogers v. Commissioner of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." (*Id.*) If substantial evidence supports the Commissioner's findings, then the Court accepts them as conclusive, even if it would have reached a different outcome on the same facts. 42 U.S.C. § 405(g).

**I. Waiver**

Before turning to the merits, the Court addresses Defendant's argument that Plaintiff waived the issues raised in his objection. "Issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived." *Peterson v. Burris*, No. 17-1291, 2017 WL 8289655, at *3 (6th Cir. Dec. 8, 2017); *see*

*also Tate on behalf of A.P. v. Commissioner of Soc. Sec.*, No. 1:18-cv-01432, 2019 WL 4253891, at *2 (N.D. Ohio Sept. 9, 2019).

In the complaint, Plaintiff pleaded that "[t]here is not substantial evidence to support the decision of the Defendant relative to the Plaintiff's right to receive social security benefits due to disability.  There is substantial evidence to support the Plaintiff's claim to a period of disability and Disability Insurance Benefits." (ECF No. 1, ¶ 7, PageID #2.)  In his brief, Plaintiff argued that the record did not support the ALJ's determination that Dr. Hochman's opinions were "unpersuasive" and were "not consistent with the opinions of the [other physicians]."  (ECF No. 6, PageID #377.)  Instead, Plaintiff maintained that both Dr. Hochman's own records and the other medical records "supported and were consistent with" Dr. Hochman's opinions.  (*Id.*, PageID #378.)  In sum, Plaintiff argued that "the ALJ failed to address the contrary evidence establishing support and consistency."  (*Id.*, PageID #379.)

In her Report and Recommendation, the Magistrate Judge made the following observation:

> Mr. Grant does not argue that the ALJ failed to address the supportability or consistency elements at all.  Instead, Mr. Grant argues that the ALJ erred in concluding that Dr. Hochman's opinions were consistent with those of the state agency physicians because the state agency physicians issued their opinions prior to Dr. Hochman's own opinions.

(ECF No. 8, PageID #422.)  Defendant seizes on this passage to argue that Plaintiff waived his objection.  But this argument misses the mark.  In this action in federal court, Plaintiff consistently maintained that the ALJ failed to support his determination based on the administrative record.  The record makes that clear.

10

Instead of latching onto a few words out of context and trying to enforce a non-existent waiver, Defendant would be better served by addressing the merits of Plaintiff's argument. That is what the Magistrate Judge did. All she said in this passage is that this is not a case where the claimant maintained that the administrative law judge failed to address supportability or consistency *at all*. Indeed, she goes on to note that Plaintiff, in fact, makes that argument. The sort of procedural fencing in which Defendant engages is unbecoming of the government, results in needless procedural briefing and arguments, attempts to secure a judgment on technicalities rather than the merits, and leads ultimately to sharp practice that benefits no one. Because Plaintiff adequately addressed the argument in his complaint and initial briefing, Defendant's assertion that Plaintiff waived his objection fails.

## II.  The Merits of Plaintiff's Objection

Plaintiff objects to the Magistrate Judge's finding "that the ALJ supported his determination regarding the persuasiveness of the opinion of Dr. Hochman." (ECF No. 9, PageID #431.) In support of his objection, Plaintiff advances three arguments.

*First*, Plaintiff argues that the Magistrate Judge's recommendation regarding supportability despite the ALJ's failure to cite Dr. Hochman's treatment notes is incorrect. (*Id*.) As the Magistrate Judge notes (ECF No. 8, PageID #418), an ALJ must consider and explain his conclusion regarding the supportability of a medical opinion, *see* 20 C.F.R § 404.1520c(b)(2). Failure to do so is reversible error. *Russ v. Commissioner of Soc. Sec.*, No. 20-cv-1838, 2021 WL 3709916, at *9 (N.D. Ohio Aug. 20, 2021). Supportability refers to how well the medical source supports the opinion

11

with objective medical evidence from the record. *See* 20 C.F.R. § 404.1520(c)(1). This factor looks at the underlying sources on which a physician bases a medical opinion and on the reasons for that medical opinion.

Plaintiff's argument about the ALJ's failure to cite specific treatment notes is unavailing. The ALJ must simply provide enough support to "build an accurate and logical bridge" between the medical evidence and the ALJ's conclusions on supportability. *Fleischer v. Astrue*, 774 F. Supp. 3d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)). In this case, the ALJ found that Dr. Hochman's own treatment notes did not support his opinions. Some of those treatment notes indicate, for instance, only mild or moderate discomfort, adequate strength, and improvement from physical therapy. (ECF No. 3, PageID #33–35.) This record suffices to allow the Court to trace the ALJ's reasoning on supportability. *See, e.g.*, *Rattliff v. Commissioner of Soc. Sec.*, No. 1:20-cv-01732, 2021 WL 7251036, at *9 (N.D. Ohio Oct. 29, 2021), report and recommendation adopted, 2022 WL 627055; *Neff v. Commissioner of Soc. Sec.*, No. 5:18-cv-2492, 2020 WL 999781, at *11 (N.D. Ohio Mar. 2, 2020).

*Second*, Plaintiff argues that the ALJ erred when he reviewed the State agency physicians' findings because they were completed before receipt of Dr. Hochman's evaluations. But this is not error. An ALJ may give weight to the medical opinion of a physician who has reviewed an incomplete record as long as the ALJ considers the complete medical record when making a determination. *Nichol v. Commissioner of Soc. Sec.*, No. 5:18-cv-1795, 2019 WL 4305767, at *11 (N.D. Ohio Sept. 11, 2019)

(citing *McGrew v. Commissioner of Soc. Sec.,* 343 F. App'x 26, 32 (6th Cir. 2009)). Here, the ALJ did so.

*Third*, Plaintiff notes that Dr. Bradford's exam concludes that Plaintiff can handle light sedentary work. While the argument is not entirely clear, Plaintiff appears to argue that the ALJ did not adequately consider Dr. Bradford's conclusion that Plaintiff should be restricted to "light sedentary activity." This argument goes to consistency, not supportability. Furthermore, the ALJ adequately considered Dr. Bradford's exam and rejected its conclusion as vague. (ECF No. 3, PageID #36.)

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 9), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8), and **AFFIRMS** the Commissioner's decision denying the Plaintiff's request for benefits.

**SO ORDERED.**

Dated: January 30, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio